### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DANNY LEE MALONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 5:19-00050** |
| **v.** | ) | |
| | ) | |
| **OFFICER JAMES MCCOY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendant's Motion for Summary Judgment (Document No. 19) as moot.

### PROCEDURE AND FACTS

On January 17, 2019, Plaintiff, acting *pro se,* filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) On February 4, 2019, Plaintiff filed his Amended Complaint naming James McCoy, an Officer at the Southern Regional Jail, as the sole Defendant. (Document No. 5.) Plaintiff alleges that Defendant violated his rights under the Eighth Amendment by using unnecessary and excessive force. (Id.) Plaintiff states that Defendant sprayed him with pepper

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

spray "for no reason at all." (Id.) Plaintiff alleges that "after my [cell] door was most shut, [Defendant] reach up over Officer Blankenship and sprayed me for no reason at all." (Id.) Plaintiff explains that he "was already in [his] cell and [he] got sprayed for no reason." (Id.) As relief, Plaintiff requests as follows: "I want something done about this matter before he or other officers use excessive force on inmates." (Id., p. 5.)

By Order entered on February 12, 2019, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 6.) The Clerk issued process on the same day. (Document No. 7.) The Summons for the Defendant was returned executed on February 19, 2019, and Defendant filed his Answer on March 6, 2019. (Document Nos. 8 and 10.) The undersigned entered a Scheduling Order on March 8, 2019, setting forth deadlines for discovery and the filing of dispositive motions. (Document No. 11.) On August 7, 2019, Defendant filed his Motion for Summary Judgment and Memorandum in Support. (Document Nos. 19 – 20.) In his Motion for Summary Judgment, Defendant argues as follows: (1) Plaintiff failed to fully exhaust his administrative remedies (Document No. 20, p. 3 – 5.); (2) Plaintiff's Amended Complaint is moot and presents no justiciable controversy based upon Plaintiff's transfer to a different institution (Id., pp. 5 – 7.); and (3) Plaintiff's claim are barred by qualified immunity (Id., pp. 7 – 9.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 8, 2019, advising him of the right to file a response to Defendant's Motion for Summary Judgment. (Document No. 21.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Amended Complaint, Plaintiff did not file a response to Defendant's Motion for Summary Judgment. After noting Plaintiff's lack of activity

in this case, the undersigned issued an Order on October 2, 2019, directing Plaintiff to "show cause in writing on or before November 1, 2019, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 22.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motion for Summary Judgment (Document No. 19). (<u>Id.</u>) Plaintiff has made no contact with this Court since February 4, 2019, when Plaintiff filed his Amended Complaint. (Document No. 5.)

<u>**ANALYSIS**</u>

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] <u>See Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); <u>United States ex. rel. Curnin v. Bald Head Island Ltd.</u>, 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

3

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Although Plaintiff participated in the taking of his deposition on July 5, 2019, Plaintiff has done absolutely nothing to demonstrate his interest in prosecuting this action since February 4, 2019. (Document No. 20-2.) Plaintiff failed to take action despite the filing of Defendant's Motion for Summary Judgment (Document No. 19), the Court's Roseboro Notice (Document No. 21), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 22). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

4

Consideration of the second factor reveals little to no prejudice to the Defendant. Although Defendant has filed a Motion for Summary Judgment, there is no indication that Defendant has expended sufficient time or resources defending Plaintiff's action. Defendant's Motion for Summary Judgment relies upon Defendant's argument that Plaintiff failed to exhaust his administrative remedies, the action is rendered moot by Plaintiff's transfer to a different institution, and Defendant is entitled to qualified immunity. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendant.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for approximately nine months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order. In

5

consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 5) without prejudice, **DENY as moot** Defendant's Motion for Summary Judgment (Document No. 19), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155

---

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

(1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 14, 2019.

Omar J. Aboulhosn
United States Magistrate Judge